UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUBER SABALSA-ZARATE, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. C12-142-MJP-JPD <br> (CR10-163-MJP) <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Huber Sabalsa-Zarate is a federal prisoner who is currently confined at the Federal Correctional Institution in Greenville, Illinois. He has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed upon him following his 2010 conviction on a charge of Illegal Reentry After Deportation. The government has filed a response to petitioner's motion. After careful consideration of petitioner's motion, the government's response thereto, and the balance of the record, this Court concludes that petitioner's § 2255 motion should be denied.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

On May 27, 2010, a federal criminal complaint was filed charging petitioner with one count of Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a). (*See* CR10-163-MJP, Dkt. No. 1.) The grand jury returned an indictment charging the same offense on June 23, 2010. (*Id*., Dkt. No. 15.) On September 10, 2010, petitioner pleaded guilty to the charge set forth in the indictment. (*Id*., Dkt. No. 43.)

Petitioner's plea was entered pursuant to a plea agreement which set forth the parties' specific agreements regarding the sentencing guideline calculation as well as a recommended sentence. Specifically, the parties agreed that petitioner's total offense level was 17, which included a four level reduction for accepting the district's fast track program for illegal reentry offenses. (*See id*., Dkt. No. 45 at 5.) The parties also agreed that petitioner's criminal history category was VI and that the corresponding advisory guideline range was 51 to 63 months. (*Id*.) Finally, the parties agreed to recommend a sentence of 47 months confinement, a sentence which reflected the low end of the advisory range and took account of approximately four months petitioner spent in state custody, after being found in the United States by immigration officers, prior to entering federal custody. (*Id*.) Petitioner also expressly waived his right to appeal any custodial sentence that was equal to or below the agreed 47 months. (*Id*., Dkt. No. 45 at 8.)

At the change of plea hearing, the undersigned reviewed the terms of the plea agreement with petitioner and petitioner specifically acknowledged his understanding that the parties had agreed to recommend a sentence of 47 months and that he was waiving his right to appeal any sentence equal to or below 47 months. (Dkt. No. 6, Ex. B at 10-11 and 13-14.) After completing the plea colloquy, the undersigned concluded that petitioner's plea was made knowingly, intelligently and voluntarily and recommended that the guilty plea be accepted by the district

REPORT AND RECOMMENDATION - 2

court. (Dkt. No. 6, Ex. B at 21.) The district court accepted the guilty plea in an Order entered on September 28, 2010. (CR10-132-MJP, Dkt. No. 47.)

Petitioner appeared for sentencing on December 10, 2010. (*Id*., Dkt. No. 50.) At the sentencing hearing, the government recommended that petitioner be sentenced to 47 months and that he receive credit for 17 days spent in immigration custody. (Dkt. No. 6, Ex. C at 5.) Petitioner's counsel, pursuant to the terms of the plea agreement, joined in the government's recommendation. (*Id*., Ex. C at 6.) Prior to imposing sentence, the district court acknowledged that the guidelines were advisory rather than mandatory and that the court's obligation was to first compute the guideline range and then to fashion an appropriate sentence for petitioner. (*Id*., Ex. C at 8.) The court thereafter calculated the guideline range, accepted the recommendation of the parties, and imposed a sentence of 46 months and one week imprisonment. (*See id*., Ex. C at 9-10.)

Petitioner subsequently appealed his sentence to the Ninth Circuit Court of Appeals, arguing that the sentence was substantively unreasonable. (CR10-163-MJP, Dkt. No. 61.) The Court of Appeals determined that it was precluded from reaching the merits of petitioner's claim by the valid appeal waiver and dismissed the appeal. (*Id*.)

## DISCUSSION

### Ineffective Assistance of Counsel

Petitioner asserts in his § 2255 motion that his counsel rendered ineffective assistance when he failed to argue for a sentence below the guideline range calculated in the presentence investigation report. Petitioner suggests that such an argument would have been appropriate under *United States v. Booker*, 543 U.S. 220 (2005), in which the Supreme Court held that the United States Sentencing Guidelines are advisory and not mandatory.

REPORT AND RECOMMENDATION - 3

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Id*.

With respect to the first prong of the *Strickland* test, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. In order to prevail on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel's challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

REPORT AND RECOMMENDATION - 4

The record makes clear that counsel was bound by the plea agreement to recommend a sentence of 47 months and that arguing for a lower sentence would have constituted a breech of the plea agreement.  The record also makes clear that the court, and the parties, all understood that the sentencing guidelines were advisory.  For these reasons, counsel's failure to argue for a sentence below the advisory guideline range in specific reliance on *Booker* did not constitute deficient performance nor did it prejudice petitioner.  Petitioner's ineffective assistance of counsel claim is utterly without merit and should therefore be denied.

## Certificate of Appealability

A petitioner seeking relief from his sentence by way of a motion under § 2255 may appeal a district court's denial of his motion only after obtaining a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to his ineffective assistance of counsel claim.

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's motion for relief under § 2255 be denied and that this action be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of September, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge